OPINION
On April 27, 1992, defendant-appellee, Grover Gilman, was indicted on one count of rape and one count of felonious assault in violation of R.C. 2907.02 and 2903.11. The indictment alleged that appellee had attacked his wife and forced her to engage in sexual intercourse on April 14, 1992. Appellee entered not guilty pleas to both charges and the case was tried to a jury in the Warren County Court of Common Pleas on February 23, 1993. Appellee was convicted of felonious assault, but acquitted of rape. The trial court sentenced appellee to a five to fifteen year term of imprisonment.
On March 31, 1997, appellee filed a "motion to determine status without a hearing" in which he argued that he was not a "sexual predator" within the meaning of R.C. Chapter 2950. The trial court did not hold an evidentiary hearing, but instead considered the issue of whether appellee is a sexual predator based upon the documentary evidence submitted by the parties. The trial court found that appellee was not a sexual predator because he had not committed a "sexually oriented offense" within the meaning of R.C. 2950.01(D). The court reasoned that the felonious assault offense in this case was not a sexually oriented offense because it was not committed "with a purpose to gratify the sexual needs or desires of the offender." The state now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE SEXUAL PREDATOR PROVISION OF OHIO REV. CODE 2950 [sic] IS NOT AN EX POST FACTO LAW AND DOES NOT IMPOSE ADDITIONAL PUNISHMENT ON APPELLEE.
Assignment of Error No. 2:
 AN ACQUITTAL ON A CHARGE OF RAPE DOES NOT PRECLUDE A SEXUAL PREDATOR DESIGNATION WHEN THE ACTIONS COMPRISING THE CONVICTION OF FELONIOUS ASSAULT INCLUDED SEXUAL ACTS.
In its first assignment of error, the state contends that R.C. Chapter 2950 does not violate the constitutional prohibitions on ex post facto legislation. However, our review of the record indicates that the trial court did not hold that R.C. Chapter 2950 violates the Ex Post Facto Clause or any other provision of the Ohio or United States Constitutions. Therefore, the state's first assignment of error is overruled.[1]
In its second assignment of error, the state contends that the trial court erred in finding that appellee is not a sexual predator because the felonious assault offense in this case was not a "sexually oriented offense." R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(D) defines the term "sexually oriented offense" as "a violation of section * * * 2903.11 [felonious assault] * * * that is committed with a purpose to gratify the sexual needs or desires of the offender."
Our review of the record indicates that appellee committed the felonious assault offense in this case by brutally beating his wife for the purpose of compelling her to submit to sexual intercourse. Such conduct by appellee was designed to gratify a sexual need or desire by its very nature. Accordingly, we hold that the felonious assault appellee committed against his wife was a sexually oriented offense within the meaning of R.C.2950.01(E).
The state's second assignment of error is sustained. The judgment of the trial court finding that appellee did not commit a sexually oriented offense is hereby reversed and this cause is remanded to the Warren County Court of Common Pleas. On remand, the trial court is instructed to conduct an evidentiary hearing and determine whether appellee is a sexual predator by applying the factors set forth in R.C. 2950.09.
KOEHLER and WALSH, JJ., concur.
[1] We also note that this court previously considered and rejected an ex post facto challenge to R.C. Chapter 2950 in State v. Lytle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported.